**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID JOHN BURNS,

    Petitioner,                             Case No. 2:06-CV-10851-DT
                                                         HON. AVERN COHN

v.

THOMAS BIRKETT,

    Respondent.
_____/

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. David John Burns, (Petitioner), is a state inmate at Camp Branch in Coldwater, Michigan, where he is serving a sentence of four to ten years for one count of assault with intent to commit murder, Mich. Comp. Laws § 750.83; and one to four years for felonious assault, Mich. Comp. Laws § 750.82. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that Petitioner's claims lack merit or are procedurally defaulted. For the reasons which follow, the petition will be denied.

**II. Procedural History**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit. Petitioner's co-defendants, Rachel Joseph and Roberto Llanes, were convicted at this trial of assault with intent to do great bodily harm, and Joseph was also convicted of an additional perjury count. Petitioner's conviction was affirmed on direct

appeal. People v. Burns, No. 247842 (Mich. Ct. App. October 28, 2004); lv. den. 472 Mich. 917 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The evidence was insufficient as a matter of law to support Petitioner's conviction for assault with the intent to commit murder as required by due process clause.
>
> II. Trial counsel was constitutionally ineffective for failing to file a timely motion to sever, which led to prejudice.
>
> III. Trial court denied Petitioner a fair trial when it allowed State to introduce prejudicial evidence of a prior conviction.

### III. Facts

The material facts leading to Petitioner's conviction are recited verbatim from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. See Monroe v. Smith, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

> Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that defendant assaulted the victim, Michael Lewis, with the intent to kill him. Lewis testified that defendant drove his vehicle into him and then exited the vehicle and attacked him. Lewis had defendant pinned against the vehicle at one point, but he let defendant go, only to be attacked again. Defendant struck Lewis causing him to fall to the ground, and attempted to gouge his eyes out. Lewis remembered seeing defendant with a knife, but did not remember being stabbed. Defendant himself testified that he stabbed defendant (sic) in the neck with a knife. After the attack, defendant stood up, declared that codefendant Rachael Joseph, the woman they had been fighting over, was not worth it, and drove away, leaving defendant (sic) bleeding on the ground. This circumstantial evidence was sufficient to allow a rational trier of fact to conclude that defendant intended to kill Lewis.

People v. Burns, No. 247842, Slip. Op. at * 2.

In addition, there was testimony that the victim had to be transported by

helicopter from a local hospital to the University of Michigan Hospital to treat a two and a half inch stab wound to his neck which severed an artery. The victim had to be intubated as a result of the stab wound. The victim also sustained scrapes and bruises on his scalp and near his eyes. The treating physician indicated that having a stab wound to the neck was "quite serious" and could be fatal in many circumstances. (T. 12/04/2002, pp. 152-57).

## IV. Analysis

### A. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); Harpster v. State of Ohio, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its

3

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

**B. Sufficiency of the Evidence**

Petitioner first contends that there was insufficient evidence presented insufficient evidence to establish that Petitioner intended to kill the victim, so as to support his assault with intent to commit murder conviction.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Scott v. Mitchell, 209 F. 3d 854, 885 (6th Cir. 2000)(citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. Marshall v. Lonberger, 459 U.S. 422, 434 (1983). On a state prisoner's habeas petition challenging the insufficiency of the evidence, a federal district court must draw all available inferences and resolve all credibility issues in favor of the jury's verdict. See Spalla v. Foltz, 615 F. Supp. 224, 227 (E.D. Mich. 1985).

Under Michigan law, the elements of assault with intent to commit murder in Michigan are: (1) an assault; (2) with an actual intent to kill; (3) which if successful, would make the killing murder. See Warren v. Smith, 161 F. 3d 358, 361 (6th Cir. 1998); See also Steele v. Withrow, 157 F. Supp. 2d 734, 740 (E.D. Mich. 2001). The intent to kill element does not equate with murder. Warren, 161 F. 3d at 361 (citing People v. Taylor, 422 Mich. 554; 375 N.W.2d 1, 7 (1985)). Thus, an intent to kill for

4

purposes of this offense may not be proven by an intent to inflict great bodily harm or a wanton and wilful disregard of the likelihood that the natural tendency of the acts will likely cause death or great bodily harm. Id. Therefore, a conviction for assault with intent to commit murder must be premised upon a defendant's specific intent to kill. Steele, 157 F. Supp. 2d at 740 (citing People v. Edwards, 171 Mich. App. 613, 620; 431 N.W. 2d 83 (1988)). The intent to kill, for purposes of the crime of assault with intent to commit murder, need not be proved by direct, positive, or independent evidence, and the trier of fact may draw reasonable inferences from the facts and evidence in determining the existence of an intent to kill. See Taylor, 422 Mich. at 567-68. In determining the defendant's intent, a court may take into account "[t]he nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently performed, whether the instrument and means used were naturally adapted to produce death, his conduct and declarations prior to, at the time, and after the assault, and all other circumstances calculated to throw light upon the intention with which the assault was made." Id. at 568 (quoting Roberts v. People, 19 Mich. 401, 415-16 (1870)). The use of a lethal weapon will support an inference of an intent to kill. Steele, 157 F. Supp. 2d at 740.

Here, the victim testified that Petitioner drove his sports utility vehicle into him, exited the vehicle, and attacked the victim. Although the victim pinned Petitioner against the vehicle, the victim testified that he let Petitioner go, only to be attacked again. Petitioner struck the victim, forcing him to the ground, and then attempted to gouge his eyes out. Petitioner then stabbed the victim in the neck. The stab wound was two and one half inches deep and severed an artery. The injury was serious

enough to require that the victim be intubated and transported from a local hospital to the University of Michigan Hospital for further treatment. The location and severity of the wound was sufficient to lead a rational trier of fact to infer that Petitioner intended to kill the victim. Based on the record, there evidence is sufficient to support the state court's finding that Petitioner possessed the intent to kill. As such, Petitioner is not entitled to habeas relief on this ground.

. Petitioner also contends that the prosecution failed to prove beyond a reasonable doubt that he was not acting in self-defense. Under Michigan law, one acts lawfully in self-defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. Blanton v. Elo, 186 F. 3d 712, 713, n. 1 (6th Cir. 1999)(citing People v. Heflin, 434 Mich. 482; 456 N.W. 2d 10 (1990)). However, a defendant is not entitled under Michigan law to use any more force than is necessary to defend himself. See People v. Kemp, 202 Mich. App. 318, 322; 508 N.W. 2d 184 (1993). In addition, under Michigan law, before using deadly force in self-defense, a person has a duty to retreat if it is safely possible to do so. See Johnson v. Hofbauer, 159 F. Supp. 2d 582, 602 (E.D. Mich. 2001)(citing People v. Mroue, 111 Mich. App. 759; 315 N.W. 2d 192 (1981)).

Here, although there was some evidence that the victim was the initial aggressor, the victim also testified that he had let Petitioner go, only to be attacked again. Petitioner struck the victim, forcing him to the ground, where he attempted to

gouge his eyes out before stabbing him in the neck.  There was no evidence that Petitioner attempted to retreat from or avoid the victim after the initial confrontation. Also significant is the fact that following the assault, Petitioner stood up, declared that the woman that they were fighting over was not worth it, and drove away, leaving the victim bleeding.  In light of the fact that the victim was unarmed when Petitioner stabbed him  and Petitioner took no steps to retreat or otherwise avoid the victim, a reasonable fact-finder could conclude beyond a reasonable doubt that Petitioner did not honestly and/or reasonably fear that he was in imminent danger of death or serious bodily harm from the victim and that he used far more force than necessary to defend himself.  Therefore, Petitioner's claim that his conviction was not supported because the prosecution failed to disprove his defense of self-defense is without merit.

To the extent that Petitioner claims that the victim's testimony was not credible, he would not be entitled to habeas relief.  An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. Gall v. Parker, 231 F. 3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a Petitioner's claim.  Id.  Thus, because the victim's credibility is the province of the jury, Petitioner is not entitled to habeas relief on this ground.

### C. Ineffective Assistance of Counsel

Petitioner next contends that he was deprived of the effective assistance of trial counsel, because his counsel failed to move for Petitioner to have a separate trial from

7

his co-defendants.[1]

To prevail on his ineffective assistance of counsel claim, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, Strickland v. Washington, 466 U.S. 668 (1984). Strickland established a two-prong test for claims of ineffective assistance of counsel: the Petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. 466 U.S. at 687.

"[U]nder Michigan law, severance is required only when a defendant shows that it is necessary to avoid prejudice to his substantial rights." Clark v. McLemore, 291 F. Supp. 2d 535, 545 (E.D. Mich. 2003)(citing M.C.R. 6.121(C)). "[T]here is no absolute right to a separate trial, and joint trials are strongly favored 'in the interest of justice, judicial economy and administration.'" Id. (quoting People v. Etheridge, 196 Mich. App. 43, 52; 492 N.W. 2d 490 (1992)). Severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." People v. Hana, 447 Mich. 325, 359-60; 524 N.W. 2d 682 (1994)).

---

[1] In his reply brief, Petitioner for the first time appears to be raising additional ineffective assistance of counsel claims that were not raised in his initial habeas petition, nor raised in his appeal before the Michigan appellate courts. It is unclear whether Petitioner seeks to raise these as independent claims or merely to buttress the ineffective assistance of counsel claim that he raised in the initial petition. A traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas Petitioner to raise additional grounds for relief. See Burns v. Lafler, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) ("[A] court cannot consider new issues raised in a traverse or reply to the State's answer.) Because these claims are being presented for the first time in Petitioner's reply brief, rather than in his habeas petition, the Court declines to address these claims, because they are not properly before it. See Tyler v. Mitchell, 416 F. 3d 500, 504 (6th Cir. 2005).

Finally, under M.C.R. 6.120(B), a court must sever offenses that are not related as defined in MCR 6.120(B). MCR 6.120(B) defines related offenses that are those "based on (1) the same conduct, or (2) a series of connected acts or acts constituting part of a single scheme or plan."

In rejecting Petitioner's claim, the Michigan Court of Appeals concluded that Petitioner failed to show that counsel's failure to move for a severance was objectively unreasonable, in light of the fact ruled that the co-defendants' act of returning shortly after Petitioner's assault to kick the victim in order to persuade him to leave before the police arrived was connected to the crimes charged against Petitioner because they were temporally related and committed to prevent the police from discovering Petitioner's assault. The court of appeals further found that Joseph's perjury was also connected to the assaults in an attempt to cover them up. The Michigan Court of Appeals concluded that Petitioner had failed to show that a motion for severance would have been granted had counsel filed such a motion, therefore, counsel was not ineffective in failing to file a motion to sever. See Burns, Slip. Op. at * 2-3.

The preference under Michigan law for joint trials, combined with the fact that no reasonable argument could be made that the co-defendants' offensive conduct was legally unrelated to Petitioner's, suggests that any motion to sever that might have been made by Petitioner's lawyer would have met with failure. Petitioner is therefore unable to show any prejudice from counsel's failure to move for severance, because it is clear from the Michigan Court of Appeals' decision that the motion would have most certainly been denied. Petitioner has therefore failed to show that the state courts' denial of relief was contrary to, or an unreasonable application of, Strickland. As such,

Petitioner is not entitled to habeas relief on this ground.

### D. Prior Conviction

Petitioner finally contends that the trial court erred in permitting his probation officer to testify about his prior conviction for possession with intent to distribute marijuana. Petitioner is not entitled to relief on this claim.

Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. The admission of "prior bad acts" evidence against a habeas Petitioner in violation of M.R.E. 404(b) does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a Petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. Bugh v. Mitchell, 329 F. 3d 496, 512 (6th Cir. 2003).[2]

### V. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED.**

---

[2] In light of the fact that Petitioner's evidentiary claim is without merit, it is unnecessary for the court to address the issue of whether the claim is procedurally defaulted. See Falkiewicz v. Grayson, 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003). In addition, Petitioner also raises some allegations of prosecutorial misconduct in his reply brief as part of his third claim. It is again unclear whether Petitioner wishes to raise these allegations as independent claims. Because these claims are being presented for the first time in Petitioner's traverse or reply brief, the Court declines to address these claims, because they are not properly before it. Tyler, 416 F. 3d at 504.

**SO ORDERED.**

              s/Avern Cohn
              AVERN COHN
              UNITED STATES DISTRICT JUDGE

Dated: August 9, 2007

I hereby certify that a copy of the foregoing document was mailed to the counsel of record and David Burns, #441573, Camp Branch, 19th Fourth Street, Coldwater, MI 49036 on this date, August 9, 2007, by electronic and/or ordinary mail.

              s/Julie Owens
              Case Manager, (313) 234-5160